## CORRADO v. PEDERSEN.

(District Court, N. D. California, First Division. February 23, 1918.)

### No. 16128.

1. SEAMEN ⬤⟶29(2)—SHIPOWNERS—DUTY OF.
   A shipowner owes to a seaman the positive and nondelegable duty to see that the ship is seaworthy, and that her equipment is in condition for safe use when she starts on her voyage.

2. SEAMEN ⬤⟶29(4)—DUTY OF SEAMEN—NEGLIGENCE.
   It is not the duty of an ordinary seaman to see that the gear is in proper condition. Therefore a seaman of no unusual size, injured by a fall from the topsail yard when a manrope to which he was clinging gave way, cannot be deemed negligent; the rope being provided for his protection.

3. SEAMEN ⬤⟶29(3)—PROTECTION OF—FIRST OFFICER.
   Under Seamen's Act March 4, 1915, c. 153, 38 Stat. 1164, the first officer of a vessel is not deemed a fellow servant, and the owner is liable, where gear gave way, either as the result of the owner's failure to furnish proper gear or the failure of the first officer to replace the gear after it became unsafe by reason of exposure to the weather.

In Admiralty. Libel by Cosmo Corrado against L. A. Pedersen, doing business under the name and style of the Bristol Bay Packing Company. Decree for libelant.

F. R. Wall and I. F. Chapman, both of San Francisco, Cal., for libelant.

Pillsbury, Madison & Sutro, of San Francisco, Cal., for libelee.

DOOLING, District Judge. Libelant, a seaman and fisherman, shipped at San Francisco for a voyage to Alaska, there to work during the fishing season, and was injured on the return trip by falling from the lower topsail yard; the fall being due to the carrying away of a manrope to which he was clinging while at work handling the sail. The manrope was there for the sole purpose of affording to the seamen at work on the yards a safe and convenient appliance by which to sustain and steady themselves. It was a circular loop of rope affixed to the jackstay by means of seizing. The seizing gave way under the strain put upon it by libelant, and he fell to the deck, sustaining grave and painful injuries.

The manrope being there for the very purpose for which it was used by libelant, it is not easy for the court to see upon what theory he is chargeable with negligence in having used it. The seaman is entitled to a safe appliance, and this one, at the time of the accident, was not safe. Libelant is not an unusually heavy man, and the manrope was not subjected to an unusual strain.

The vessel was an old one, and had been lying in Oakland creek for seven or eight years before the voyage on which libelant was injured. Preparatory to this voyage the owner gave orders and furnished materials for the complete overhauling of her rigging, most of which was in bad condition. Whether these orders were carried out

⬤⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

as to this particular manrope it is impossible to say. But this is true: The vessel proceeded to Alaska, and remained there with her rigging exposed to the weather for the whole of the fishing season, and no inspection was made as to the condition of her gear before she started on the return voyage.

[1-3] There was considerable testimony on the part of the respondent to the effect that the seizing by which the manropes are attached to the jackstay are liable to become chafed and worn. This being so, it is manifest that safety for those who use them lies only in their frequent inspection, for the purpose of ascertaining whether or not they should be renewed. The duty of caring for the gear of the vessel falls, according to the testimony, upon the first officer, and that duty manifestly requires a frequent inspection of the manropes, which are liable to become chafed and worn, and upon the strength and stability of which the very lives of the seamen depend.

The shipowner owes to the seaman a positive and nondelegable duty to see that the ship is seaworthy, and that her equipment is in condition for safe use, when she starts on her voyage; and while in the present case the owner furnished materials, and gave instructions that all the gear be overhauled before the vessel left here for the north, and also furnished materials for the proper repair of the gear during the voyage, yet it is not certain that his directions were obeyed as to this manrope before the ship sailed, and it is certain that nobody paid any attention to it afterwards. That it was unsafe is proved by the fact that it carried away. It was not the fault of libelant, as it was not his duty to see that the gear was in proper condition. It was the fault of the owner, if the vessel left here with the gear in poor condition, or of the first officer, if the gear became unsafe on the trip north, or while exposed to the weather during the fishing season.

If the fault were that of the owner, he is liable. If the fault were that of the first officer, he is still liable, in my judgment, because, under the Seamen's Act, the first officer is not to be regarded as a fellow servant of the libelant, but as the agent of the owner, in so far as the security of the vessel's gear is concerned.

The libelant's injuries are not permanent, but he lost some time while unable to work, and was put to the expense of $240 in effecting a cure. He also suffered a great deal of pain. For all of these I think $1,200 a not unconscionable award. There is also a claim for wages, which is admitted.

A decree will be entered for $391.55 for wages, and $1,200 for damages, together with costs. On this decree will be credited $300 already received by libelant for wages since this action was begun.